# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRENDAN BAKER, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-11483-PBS |
| Plaintiff, | Hon. Patti B. Saris |
| v. | |
| CVS HEALTH CORPORATION and CVS PHARMACY, INC., | |
| Defendants. | |

## PLAINTIFF'S OMNIBUS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

**BIRNBAUM & GODKIN, LLP**
David S. Godkin (BBO#196530)
James E. Kruzer (BBO#670827)
1 Marina Park Drive, Suit 1410
Boston, MA 02210
Telephone: (617) 307-6100
Email:  godkin@birnbaumgodkin.com
        kruzer@birnbaumgodkin.com

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn (*Pro Hac Vice*)
Julian C. Diamond (*Pro Hac Vice*)
Matthew A. Girardi (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: jarisohn@bursor.com
        jdiamond@bursor.com
        mgirardi@bursor.com

*Attorneys for Plaintiff*

# <u>TABLE OF CONTENTS</u>

**PAGE(S)**

INTRODUCTION ...................................................................................................................1

LEGAL STANDARD...........................................................................................................2

ARGUMENT .......................................................................................................................2

I.      A VIOLATION OF PARAGRAPH (b) IS A VIOLATION OF SUBSECTION (2)..........2

      A.      "(2)(b)" Is "Paragraph (b) Of Subsection (2)" ..........................................2

      B.      Massachusetts Standards Of Legislative Drafting Support Plaintiff's Interpretation...........................................................................................4

      C.      The Legislative History Suggests "A Violation Of Subsection (2)" Includes Notice Violations.......................................................................5

      D.      Defendants Misapprehend M.G.L.A. 149 § 19B's Statutory Language.................8

II.      "ANY PERSON AGGRIEVED" INCLUDES PLAINTIFF ...........................................10

      A.      Defendants' Analysis Of Who Can Be "Aggrieved" Under M.G.L.A. 149 § 19B Is Incorrect.....................................................................10

      B.      Plaintiff Was Aggrieved By Defendants' Testing Violation ................................12

      C.      Plaintiff Was Aggrieved By Defendants' Notice Violation ................................14

III.      ARTICLE III STANDING .........................................................................17

CONCLUSION...................................................................................................................19

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Breiding v. Eversource Energy*,
939 F.3d 47 (1st Cir. 2019)........................................................................................... 2

*Carpenter v. Suffolk Franklin Sav. Bank*,
346 N.E.2d 892 (1976)................................................................................................ 18

*Commonwealth v. Gove*,
366 Mass. 351 (1974) ................................................................................................... 3

*Commonwealth v. Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*,
352 Mass. 617 (1967) ................................................................................................... 3

*Dumont v. Reily Foods Co.*,
934 F.3d 35 (1st Cir. 2019)........................................................................................... 2

*Garcia v. Right at Home, Inc.*,
2016 WL 3144372 (Mass. Super. Jan. 19, 2016)......................................... 11, 14, 15

*Hanlon v. Rollins*,
286 Mass. 444 (1934) ................................................................................................. 17

*Harvard Real Estate-Allston, Inc. v. Kmart Corp.*,
407 F. Supp. 2d 317 (D. Mass. 2005) ........................................................................ 18

*Heffernan v. Hashampour*,
2009 WL 6361870 (Mass. Super. Dec. 19, 2009) ..................................................... 16

*Hoffman v. Howmedica, Inc.*,
373 Mass. 32 (1977) ..................................................................................................... 3

*Langford v. Gates*,
610 F.Supp. 120 (D.C.Cal.1985) ............................................................................... 19

*Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Hum. Servs.*,
876 F.2d 1051 (1st Cir. 1989)..................................................................................... 19

*Marashlian v. Zoning Bd. of Appeals*,
421 Mass. 719, 660 N.E.2d 369 (1996) ..................................................................... 11

*Massachusetts Elec. Co. v. Massachusetts Comm'n Against Discrimination*,
375 Mass. 160 (1978) ................................................................................................. 11

*Mercuri v. Newhouse*,
2009 WL 6361869 (Mass. Super. Oct. 30, 2009) ........................................................ 4

*Montgomery v. Board of Selectmen of Nantucket,*
    95 Mass. App. Ct. 65 (2019)......................................................................... 11, 14

*Mora v. J&M Plating, Inc.,*
    2022 IL App (2d) 210692 ..................................................................................... 16

*Pruell v. Caritas Christi,*
    678 F.3d 10 (1st Cir. 2012).................................................................................. 19

*Rice v. James Hanrahan & Sons,*
    20 Mass. App. Ct. 701 (1985)................................................................................ 3

*Rios-Campbell v. U.S. Dep't of Commerce,*
    927 F.3d 21 (1st Cir. 2019) ................................................................................... 2

*Schwesinger v. Hurley,*
    2014 WL 1311756 (D. Mass. Mar. 31, 2014)....................................................... 18

*Zirogiannis v. Seterus, Inc.,*
    707 F. App'x 724 (2d Cir. 2017) .......................................................................... 19

**STATUTES**

G.L.c. 40A, §17............................................................................................................ 11

M.G.L.A. 149 § 19B ............................................................................................ passim

M.G.L.A. 169A............................................................................................................ 15

M.G.L.A. 233 § 75 ........................................................................................................ 3

M.G.L.A. 255E............................................................................................................ 16

M.G.L.A. 272.............................................................................................................. 16

**RULES**

Fed. R. Civ. P. 12(b)(6)................................................................................................ 2

**OTHER AUTHORITIES**

House Bill 1123 (1985)............................................................................................. 8, 9

House Bill 2072 (1985)................................................................................................. 8

House Bill 3072 (1985)................................................................................................. 8

House Bill 5408 (1985)................................................................................................. 9

House Bill 6908 (1985)................................................................................................... 7, 8, 9

NYC Admin. Code §§ 22-1201 ................................................................................. 17

Senate Bill 588 (1985) .............................................................................................. 6

Senate Bill 1435 (1985) ........................................................................................... 7, 8

Plaintiff Brendan Baker ("Plaintiff") respectfully submits this omnibus opposition to Defendants CVS Health Corporation's and CVS Pharmacy, Inc.'s (collectively "Defendants" or "CVS") Motion to Dismiss the First Amended Complaint (ECF Nos. 22-23) (the "Motion" or "MTD") and Defendants' Supplemental Briefing on Standing in Support of their Motion to Dismiss the Amended Complaint (ECF No. 28) ("Supp. Br.").

## **INTRODUCTION**

In his First Amended Complaint (ECF No. 17) ("FAC"), Plaintiff alleges that Defendants' employment application/hiring process violates two prongs of M.G.L.A. 149 § 19B ("§ 19B" or "the Statute").  First, although Defendants used lie detector software, as defined by M.G.L.A. 149 § 19B(1), in their interview/hiring process, they did not provide candidates, including Plaintiff and putative class members, an opportunity to opt out of or challenge the assessments, violating  § 19B(2) (hereinafter, a "Testing Violation").  FAC ¶¶ 7, 26-27.  Second, Defendants did not provide Plaintiff or other job applicants with written notice of their rights concerning lie detector tests as required by M.G.L.A. 149 § 19B(2)(b).  *Id.* ¶¶ 1, 6 (hereinafter, a "Notice Violation").  Thus, Plaintiff, as a "person aggrieved by a violation of subsection (2)" brings suit pursuant to M.G.L.A. 149, § 19B(4), for injunctive relief and damages, including minimum statutory damages of $500, for each of such violation.  *Id.* ¶¶ 4, 37-41.

Defendants make two statutory construction arguments, both centered around M.G.L.A. 149 § 19B(4)'s private right of action.  First, they contend that § 19B(4)'s "a violation of subsection (2)" language does not encompass violations of M.G.L.A. 149 § 19B(2)(b).  But it is patently obvious that (2)(b) is part of subsection (2), and Defendants ignore the Statute's legislative history and the Commonwealth's legislative drafting guidelines in arguing otherwise. Defendants next posit that, under § 19B(4), Plaintiff does not qualify as "[a]ny person aggrieved"

because he has not suffered "a violation of subsection (2)."  But Plaintiff is aggrieved because he was deprived of his legal rights under both § 19B(2) and (2)(b).  No more is required for standing under Massachusetts law.

## LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded factual allegations in the complaint as true and construes reasonable inferences in the plaintiff's favor.  *Breiding v. Eversource Energy*, 939 F.3d 47, 49 (1st Cir. 2019).  "To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face."  *Rios-Campbell v. U.S. Dep't of Commerce*, 927 F.3d 21, 24 (1st Cir. 2019) (internal quotation marks omitted).  The plausibility standard requires sufficient factual allegations "to remove the possibility of relief from the realm of mere conjecture."  *Dumont v. Reily Foods Co.*, 934 F.3d 35, 44 (1st Cir. 2019) (internal quotation marks omitted).  The purpose of the plausibility standard is to "weed out cases that do not warrant either discovery or trial."  *Rios-Campbell*, 927 F.3d at 24 (internal quotation marks omitted).

## ARGUMENT

### I.   A VIOLATION OF PARAGRAPH (b) IS A VIOLATION OF SUBSECTION (2)

#### A.   "(2)(b)" Is "Paragraph (b) Of Subsection (2)"

Defendants assert that, "to the extent Plaintiff argues that Subsection 2(b) is *part* of 'Subsection (2),' such that when Subsection 4 authorizes a private cause of action based on a violation of 'Subsection (2),' that also includes violations of subsection 2(b), such argument is [not] supported by a review of the actual text[.]"  MTD at 6.  This is wrong.  "2(b)" is not a "subsection."  Rather, "2" is the relevant subsection and "(b)" is a **paragraph of subsection 2**.

As Defendants admit, "[t]he language of the statute is the primary source of insight into

the intent of the Legislature." MTD at 6 (citing *Commonwealth v. Gove*, 366 Mass. 351, 354 (1974). And, as Defendants also note, "[n]one of the words of a statute is to be regarded as superfluous[.]" *Id.* (citing *Commonwealth v. Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, 352 Mass. 617, 618 (1967)). But Defendants never look directly to the Acts and Resolves – which "are chronological compilations of laws passed by the Massachusetts General Court within a particular legislative session[] . . . [and] provide the ***exact text*** of the law passed by the legislature[.]"[1] Specifically, Defendants ignore 1985 Mass. Acts Chapter 587[2] (M.G.L.A. 149 § 19B's implementing Act), even though "[t]he printed copies of [the] . . . acts and resolves of the commonwealth, public or private, which are published under its authority, . . . shall be admitted as sufficient evidence thereof in all courts of law and on all occasions." *Rice v. James Hanrahan & Sons*, 20 Mass. App. Ct. 701, 705 (1985) (citing M.G.L.A. 233 § 75). 1985 Mass. Acts Chapter 587—which  was signed by the Governor on December 16, 1985[3]—makes it crystal clear that (b) is part of subsection (2), reading: "Paragraph (b) ***of*** subsection two of section nineteen B of chapter one hundred and forty-nine of the General Laws, as appearing in section one of this act, shall take effect on September thirtieth, nineteen hundred and eighty-six."[4]

Defendants therefore contravene "a salient principle of statutory construction, namely, that . . . where the language of the statute is plain and unambiguous, as here, legislative history is not ordinarily a proper source of construction." *Hoffman v. Howmedica, Inc.*, 373 Mass. 32, 37 (1977) (internal citations omitted); *see also Melick v. Bd. of Appeal on Motor Vehicle Liab. Policies & Bonds*, 2011 Mass. Super. LEXIS 1446, *4 ("Elementary rules of statutory

---

[1] *See* Declaration of Joshua Arisohn ("Arisohn Decl."), Exhibit 1 (emphasis added).

[2] Arisohn Decl., Exhibit 2.

[3] Arisohn Decl., Exhibit 3 at 2331, 3090.

[4] Arisohn Decl., Exhibit 2 (emphasis added).

construction require us to look to the statutory language itself as the principal source of insight into the legislative purpose. . . .  Courts construe the words of the statute according to their usual and natural meaning, and a court need not examine the legislative history, where the language of the statute is plain and unambiguous.") (cleaned up); *Mercuri v. Newhouse*, 2009 WL 6361869, at *4 (Mass. Super. Oct. 30, 2009) ("Where the language of the statute is clear and unambiguous, it is the sole function of the courts to enforce it according to its terms.") (cleaned up).

Here, "the statute is clear" – "(b)" is "Paragraph (b) of subsection two[.]"[5]  The General Court could not have been clearer.  It did not utilize the language "subsection two (b)" or set forth "(b)" as "subsection three."  It made (b) a paragraph of, and thus a part of, subsection two. A violation of (b) is clearly "a violation of subsection (2)[.]"  M.G.L.A. 149 § 19B(4).

### B.  Massachusetts Standards Of Legislative Drafting Support Plaintiff's Interpretation

The Massachusetts General Court's "Legislative Research and Drafting Manual"[6] (the "Manual") further supports Plaintiff's position.  The Manual states, "[a]ll laws are organized by chapters and then sections of those chapters. The sections may be further broken down by subsections, clauses, paragraphs, subparagraphs, divisions, subdivisions and, ultimately, sentences and words."[7]  Building upon this, the General Court instructs:

> b. Use short sections or subsections. Use a separate section or subsection for each separate topic. The pattern used in the General Laws is:
>
> Section 1
>     (a)- followed by (b),(c), etc.- normally referred to as subsections
>         (1)- followed by (2),(3), etc.- normally referred to as paragraphs
>             (i)- followed by (ii),(iii), etc.- normally referred to as clauses
>                 (A)- followed by (B),(C), etc.- normally referred to as subclauses

---

[5] *Id*.

[6] Arisohn Decl., Exhibit 4.

[7] *Id.* at 4.

    c. Divide a section that covers a number of contingencies, alternatives, requirements, or conditions into subsections and paragraphs, as necessary.

    d. Designate each subsection, paragraph, subparagraph or clause by a letter or number.[8]

Here, M.G.L.A. 149 § 19B(2)(b) is ordered as: Chapter: 149; Section: 19B; Subsection: (2); Paragraph: (b).  In other words, M.G.L.A. 149 § 19B(2)(b) is "Paragraph (b) of subsection two of section nineteen B of chapter one hundred and forty-nine of the General Laws[.]"[9]

This makes perfect sense.  Per the above materials, Massachusetts statutory drafters "[d]esignate each subsection, paragraph, subparagraph or clause by a letter _**or**_ number[]" – i.e., subsection "(a)- followed by (b),(c), etc." then paragraph "(1)- followed by (2),(3), etc."[10]  There is no such thing in Massachusetts as a "subsection (2)(b)" because  subsections are not designated with a number/letter or letter/number **combination**.  Rather, in the Statute, the General Court established a "numbered" subsection – subsection (2).  Then, it proceeded to the next step in the number/letter-alternating "pattern used in the General Laws[,]"[11], establishing a "lettered" paragraph – paragraph (b).  Had the General Court intended, as Defendants argue, that "2 and 2(b) should be treated as distinct subsections[,]" (MTD at 7) then "(2)(a)" would have been instead designated as "(3)," "(2)(b)" would have been designated as "(4)," and so on.  Instead, the General Court consciously chose here to delineate subsection (2), and a paragraph thereof: paragraph (b).

## C.    The Legislative History Suggests "A Violation Of Subsection (2)" Includes Notice Violations

Defendants next argue that "[a]t no point during the legislative process was there any

---

[8] *Id.* at 5.

[9] Arisohn Decl., Exhibit 2.

[10] Arisohn Decl., Exhibit 4 at 5 (emphasis added).

[11] *Id.*

suggestion that the new private cause of action for improperly administering lie detector tests should extend to mere 'notice' violations." MTD at 5.  This is absurd.  The Statute provides a private right of action for "[a]ny person aggrieved by a violation of subsection (2)[.]" M.G.L.A. 149 § 19B(4).  Looking to the legislative process is entirely unnecessary because, as a matter of common sense, (b) is a part of (2); it is literally subsumed under (2) in the Statute's text.  Further, once again, M.G.L.A. 149 § 19B's implementing Act, 1985 Mass. Acts Chapter 587, states that **(b) is part of (2)**, reading: "Paragraph (b) **_of_** subsection two[.]"[12]  Had the General Court wished to limit § 19B(4)'s private right of action, they could have explicitly excluded violations of paragraph (b) from § 19B(4), in the text of the Statute.  The General Court did not.

Defendants omit and obfuscate other key details.  For example, Defendants describe how certain iterations § 19B lacked a private right of action – namely (1) when it was originally enacted, in 1973[13] and (2) in SB 588,[14] a version of the 1985 Act first proposed via petition on January 2, 1985.[15]  *See* MTD at 3, 10.  But the former example ignores that the General Court in 1985 chose to amend § 19B into its present form, while the latter example shows the state of the amendment nearly **a full year** before 1985 Mass. Acts Chapter 587's actual enactment on December 16, 1985.[16]

Defendants next discuss how the General Court vacillated, throughout the legislative process, between including and foregoing "mandatory notice language." MTD at 4.  Defendants specifically assert that "[a]uthorizing unspecified individuals to enforce mandatory language

---

[12] Arisohn Decl., Exhibit 2 (emphasis added).

[13] Arisohn Decl., Exhibit 5.

[14] Arisohn Decl., Exhibit 6.

[15] Arisohn Decl., Exhibit 7 at 103A.

[16] Arisohn Decl., Exhibit 2.

could hardly be regarded as a 'slight' revision to the law[]" and that "[i]f there were truly an intent to create a highly unusual private cause of action premised on mere notice violations, it is reasonable to expect that the legislature would have deliberated far more substantively about that."  MTD at 10-11.

But Defendants ignore that the General Court **did** deliberate, intensely, about subsection (4).  The 1985 Bill History[17] clarifies that 1985 Mass. Acts Chapter 587 (enacted December 16, 1985) was previously HB 6908.[18]  HB 6908 was introduced on November 19, 1985 as a new, substituted draft of SB 1435 (a bill introduced January 7, 1985 and deliberated upon until HB 6908's November substitution).[19]  These bills' histories evince no fewer than eleven months and sixteen independent stages of deliberation, spanning 1985.[20]  This reality stands in stark contrast to Defendants' version of events.  HB 6908 (including its Notice Violation paragraph and private right of action extending thereto) did not come through a process bereft of "substantive[]" deliberation.

Further, at no point during the legislative process was there any suggestion that M.G.L.A. 149 § 19B(4)'s private right of action does not extend to Notice Violations.  And nothing cited by Defendants supports their fantastical notion that paragraph (b) of subsection (2) is not a part

---

[17] Arisohn Decl., Exhibit 3.

[18] Arisohn Decl., Exhibit 3 at 2331, 3090.

[19] *Id.*

[20] SB 1435 was poured over, starting the day that it was proposed via petition; through its referral to the committee on Commerce and Labor; its public hearing; its being reported favorably by committee; its being read, multiple times, by the House; its being considered and amended by the House; its being recommitted to committee; then considered by the House and replaced by HB 6908.  Similarly, HB 6908 went through passage to be engrossed; its being read by the Senate; its having been referred to the committee on Senate Steering and Policy; its having been read by the Senate an additional second and third time; enactment by the House; enactment by the Senate; and, finally, its having been signed by the Governor.  *See Id.*

of subsection (2).  Instead, § 19B's legislative history makes clear that § 19B(4)'s private right of action extends to Notice Violations.  This is evinced by an investigation of, *inter alia*, the titles of HB 6908's forerunners (i.e., "1985 House Bill 2072.  An Act Relative To The Protection Of Personal Privacy[]" and "1985 Senate Bill 1435. An Act Strengthening Employee Rights[]") and the texts thereof (i.e., HB 1123 (1985): "(c) Any violation of a provision of this section shall give the employee or prospective employee an individual right of action in tort for unwarranted invasion of privacy."; HB 3072 (1985): "Any violation of any provision of this section shall give the employee or prospective employee an individual right of action in tort for unwarranted invasion of privacy.").  These sources demonstrate that the General Court intended to "protect[]" employees and prospective employees' "privacy" and "strengthen[]" their "rights" by way of the Statute.  For this to occur, the General Court recognized, it is imperative that individuals like Plaintiff receive the required (2)(b) notice.  Defendants' incorrect reading of § 19B is both inconsistent with and adverse to this legislative intent.

### D. Defendants Misapprehend M.G.L.A. 149 § 19B's Statutory Language

Defendants next compare the slightly different language in M.G.L.A. 149 § 19B(3) and 19B(4) to again argue that "subsections 2 and 2(b) should be treated as distinct subsections." MTD at 7.  But this argument is moot because, as explained *supra*, Paragraph: (b) is "Paragraph (b) of subsection two."[21]  Thus, by definition, a violation of (2)(b) is "a violation of subsection (2)[.]"  M.G.L.A. 149 § 19B(4).

Insofar as the language of subsections 19B(3) and (4) do differ, any such difference is resolved by (and perhaps merely an artifact of) the texts of earlier § 19B bills; § 19B(3)'s "violates any provision of this section" language, and/or variations of it, appear in precursors to

---

[21] Arisohn Decl., Exhibit 2.

HB 6908 that *lacked* paragraphs (a) and (b) of subsection (2).  That is, the General Court utilized "any provision of" to refer to solitary statutory requirements (i.e., (2) alone) that could be violated (not multiple, i.e., (2), (2)(a), and (2)(b)) on numerous occasions. Thus, "violates any provision of" is synonymous, here, with "a violation of subsection (2)[.]"  And laws like this, affording private rights of action for persons aggrieved by notice violations, are commonplace in Massachusetts and around the nation.  *See infra* § II.(C).

For example, HB 1123[22] reads, *inter alia*:

> (a) Any employer who subjects any person employed by him, or any person applying for employment, including any person applying for employment as a police officer, to a lie detector test administered through the use of a polygraph, a stress evaluator or any other mechanical or electrical device purportedly capable of detecting deception or of verifying truthfulness, or who requests, directly or indirectly, any such applicant or employee to undergo a lie detector test, shall be punished by a fine of not less than $1000 or more than $5000 for the first such offense, and by a fine of not less than $5000 and not more than $10,000, or by imprisonment for not more than two years, or by both such fine and imprisonment for each subsequent offense. . . .

> (c) Any violation of a provision of this section shall give the employee or prospective employee an individual right of action in tort for unwarranted invasion of privacy.

Likewise, HB 5408[23] reads, *inter alia*:

> 1) No employer or agent thereof shall directly or indirectly solicit or require a polygraph, voice stress analysis, or any other test purporting to test the honesty of any employee or prospective employee. No person shall sell to or interpret for an employer or his agent a test that he knows has been solicited or required by an employer or his agent to test the honesty of an employee or prospective employee. An employer or agent or any person knowingly selling, administering or interpreting tests in violation of this section is guilty of a misdemeanor and upon conviction shall be fined not less than five hundred, ($500), dollars nor more than one thousand, ($1000) dollars for each violation. . . .

---

[22] Arisohn Decl., Exhibit 8.  Note, (a) is the only "provision" that could be violated, and (c) provides a private right of action for "[a]ny violation of a provision of this section[.]"

[23] Arisohn Decl., Exhibit 9.  Note, 1) is the only part of the "section" that could be violated, and 4) provides a private right of action for "any person injured by a violation of this section[.]"

4) In addition to the remedies otherwise provided by law, **any person injured by a violation of this section** may bring a civil action to recover any and all damages recoverage at law, together with costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court. The court may, as appropriate, enter a consent judgment or decree without a finding of illegality.

## II.     "ANY PERSON AGGRIEVED" INCLUDES PLAINTIFF

### A.     Defendants' Analysis Of Who Can Be "Aggrieved" Under M.G.L.A. 149 § 19B Is Incorrect

Defendants question "*whom* [Plaintiff] believes possibly constitutes an 'aggrieved person'" under M.G.L.A. 149 § 19B(4)'s "[a]ny person aggrieved" language.  MTD at 7-8. Inaptly, Defendants discuss "anyone who merely reads the notice and then chooses to not apply for the job based on a pre-existing fear of polygraphs[,]" "any person who merely reads the notice, but never had any intent at all to complete the application[,]" and other contrived groups, none of which reflect the facts alleged in this case.  *Id.*  Defendants also assert that, "[i]f the legislature actually intended to allow any private parties to bring causes of action based on notice violations, someone who still chose to apply for the job would be the *least* likely candidate for 'aggrieved' status[.]"  MTD at 8.  Defendants' points are inapposite to the state law statutory standing determination of who is "aggrieved" under M.G.L.A. 149 § 19B.

Here, there was **no** notice.  Plaintiff did not "still" choose to apply for a CVS job.  Rather, due to Defendants' § 19B violations, he was never made aware of any reasons not to. Defendants' use of the word "still" implies that Plaintiff was able to exercise the very agency he was denied by Defendants' conduct.  In other words, Plaintiff, and those similarly situated, are the **most likely** candidates for aggrieved status under M.G.L.A. 149 § 19B.

As aforementioned, there are two means of violating the statute: Testing Violations (M.G.L.A. 149 § 19B(2)) and Notice Violations (M.G.L.A. 149 § 19B(2)(b)).  Defendants note that "[t]o qualify as a 'person aggrieved,' a person must allege substantial injury as the direct

result of the action complained of."  MTD at 12 (citing *Massachusetts Elec. Co. v. Massachusetts Comm'n Against Discrimination*, 375 Mass. 160, 177-178 (1978)).  But the courts of Massachusetts have shed light on the standard for when a Party is a "person aggrieved" in multiple cases since the 1970s, and Defendants' overly narrow construal of statutory standing in the Commonwealth of Massachusetts does not comport with applicable caselaw.

For example, in *Garcia v. Right at Home, Inc.*, plaintiffs in a putative class action alleged "that the defendants failed to pay the plaintiffs and others similarly situated for intra-day travel time between client locations, and also failed to fully reimburse them for their transportation expenses."  *Garcia v. Right at Home, Inc.*, 2016 WL 3144372, at *1 (Mass. Super. Jan. 19, 2016), *judgment entered*, (Mass. Super. 2016).  There, the defendants likewise argued that "the plaintiffs were not 'aggrieved' by the alleged violation."  *Id.* at *3.  The court disagreed, holding:

> [T]he defendants contend that the plaintiffs are not 'aggrieved' by virtue of not receiving accurate pay slips."  **An aggrieved person is broadly defined, however, to include anyone who has suffered some infringement of legal rights**.  Cf. *Marashlian v. Zoning Bd. of Appeals*, 421 Mass. 719, 721, 660 N.E.2d 369 (1996) (under G.L.c. 40A, §17 **"person aggrieved" means person who "suffers some infringement of his legal rights"**).  These plaintiffs are aggrieved persons within that broad definition. Any question as to the damages they sustained is left to another day[.]

*Id.* at 5.  (emphasis added).  Likewise, in *Montgomery v. Board of Selectmen of Nantucket*, the Appeals Court of Massachusetts held that: "By judicial construction, [a] "person aggrieved" is one who "suffers some infringement of his legal rights." The term is "not to be narrowly construed," but it "requires a showing of more than minimal or slightly appreciable harm[]."  95 Mass. App. Ct. 65, 70-71 (2019) (cleaned up); *see also id.* at 70 ("The act, however, does not define 'person aggrieved.' A party has standing when it can allege an injury within the area of concern of the statute or regulatory scheme under which the injurious action has occurred.")

(cleaned up).  In short, all that is required for standing under the laws of Massachusetts is that a party "suffers some infringement of his legal rights."  Defendants do not contest that this happened here.

### B.      Plaintiff Was Aggrieved By Defendants' Testing Violation

Defendants argue that "Plaintiff does not appear to seek damages in connection with any . . . theory of liability[]" other than a M.G.L.A. 149 § 19B(2)(b) "notice violation."  MTD at 2. Likewise, Defendants contend that if "Plaintiff is separately attempting to allege a direct violation of subsection (2) (e.g. unlawful administration of a lie detector test), he has failed to state such a claim[] . . . because Plaintiff made no allegation that he was ever subjected personally to any type of lie detector test. . . . Moreover, this allegation alone cannot give rise to a direct claim under the Lie Detector Statute because Plaintiff does not allege that he was ever aggrieved by an illegal lie detector test[] . . . [i.e.,] damages suffered as a result of the administration of or a request to take a lie detector test[.]"  MTD at 11-12.  (internal citations omitted).  Defendants are wrong on both counts.

First, Plaintiff Baker **does** allege that he was subjected personally to Defendants' lie detector test.  *See* FAC ¶ 7 ("Defendants use lie detector software, as defined by M.G.L.A. 149 § 19B(1), in their interview/hiring process."); *id.* ¶ 8 ("Plaintiff Baker participated in an interview with Defendants using Defendants' automated interview and application software."); *id.* ¶ 16 ("Defendants contract with another company, HireVue, Inc. ('HireVue'), an AI job candidate screening tool used by much of the Fortune 500 in pre-recorded (one-way) video and/or live video interview sessions, to screen CVS job candidates, which include Plaintiff and class members."); *id.* ¶ 26 ("Given the foregoing, employing the HireVue platform, as Defendants do, constitutes 'assist[ing] in or enable[ing] the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual.'

See M.G.L.A. 149 § 19B(1)."); *id.* ¶ 40 ("Defendants' interview process involves video interviews with HireVue, which, inter alia, 'purport[s] to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual.'").

Second, this allegation **can** give rise to a direct claim under the Lie Detector Statute because Plaintiff *was* aggrieved by Defendants' illegal lie detector test.  As Defendants themselves concede, "any 'person' who is subjected to a lie detector, requested to take a lie detector, or discharged, not hired, demoted, or otherwise discriminated against for asserting rights with respect to this law could naturally be considered aggrieved, and thus entitled to bring a private cause of action."  MTD at 7-8.  That is what happened to Plaintiff.  The Statute reads, in pertinent part:

> (2) It shall be unlawful for any employer or his agent, with respect to any of his employees, or any person applying to him for employment, including any person applying for employment as a police officer, **to subject such person to,** or request such person to take **a lie detector test within or without the commonwealth,** or to discharge, not hire, demote or otherwise discriminate against such person for the assertion of rights arising hereunder. This section shall not apply to lie detector tests administered by law enforcement agencies as may be otherwise permitted in criminal investigations.

M.G.L.A. 149 § 19B(2) (emphasis added).  Here, Defendants (an "employer"), with respect to Plaintiff (a "person applying to him for employment"), "subject[ed] such person to . . . a lie detector test[.]"  M.G.L.A. 149 § 19B(2).  Merriam-Webster defines "subject" as "to cause or force to undergo or endure[.]"[24]  By depriving Plaintiff of an "opportunity to opt out of" or "meaningfully challenge" their use of the HireVue platform "for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual[,]" Defendants *subjected* Plaintiff to

---

[24] https://www.merriam-webster.com/dictionary/subject.

– caused and/or forced him to undergo and/or endure something that he would not have volunteered for or elected – a lie detector test.  Accordingly, Plaintiff "has suffered some infringement of [his] legal rights" and is an "aggrieved person[] within that broad definition." *See Garcia*, 2016 WL 3144372, at *5.  Plaintiff's legal right, as a job applicant, to be free of employer-administered lie detector tests, was violated.  M.G.L.A. 149 § 19B(2).

Once again, M.G.L.A. 149 § 19B(4)'s "person aggrieved" language is "not to be narrowly construed" and merely "requires a showing of more than minimal or slightly appreciable harm." *Montgomery*, 95 Mass. App. Ct. 65, 70-71.  Plaintiff has shown such harm; by not being given an "opportunity to opt out of the video screens or to meaningfully challenge the assessments[]"  Plaintiff (1) had his privacy invaded by Defendants, which, unbeknownst to him, analyzed his emotions, cognitive state, and interview activities (*inter alia*, his facial expressions, voice intonation, speech inflection, and eye contact) via a lie detector test – gaining unconsented, unwarranted, and unconscionable insight into Plaintiff Baker's psychographic information.  And Plaintiff Baker was, therefore, (2) subjected to an employment application, interview, and hiring process by which he, as a job applicant and a person, was reduced to the results of Defendants' lie detector test (an employability score and/or competency-level scoring report generated by an algorithm and quantifying his cognitive ability, emotional intelligence, and personality traits;  data regarding his reliability, honesty, and integrity; the sum of the facial expressions, voice intonation, speech inflection, and eye contact inputs that he was not even aware of his having shared).  This is precisely that which M.G.L.A. 149 § 19B(2) was designed to protect against.  Thus, Plaintiff Baker is a person aggrieved by Defendants' Testing Violation.

### C.    Plaintiff Was Aggrieved By Defendants' Notice Violation

Defendants claim that the "fact that only 'aggrieved' persons can maintain a private cause of action is dispositive of the fact that Plaintiff cannot bring a cause of action based on

Defendants' alleged failure to include mandatory lie detector notice[.]"  MTD at 7.  That is

wrong.  Plaintiff was also aggrieved by Defendants' M.G.L.A. 149 § 19B(2)(b) violation.

Specifically, "Plaintiff was not provided with the required written lie detector test prohibition

notice, even though he applied for employment with Defendants."  FAC ¶ 8.  Thus, Plaintiff "has

suffered some infringement of [his] legal rights" and is thus an "aggrieved person[] within that

broad definition."  *Garcia*, , 2016 WL 3144372, at *5.  Specifically, Plaintiff Baker, a person

applying to Defendants for employment, was not provided – by Defendants, on his application

for CVS employment – with the notice that: "'It is unlawful in Massachusetts to require or

administer a lie detector test as a condition of employment or continued employment. An

employer who violates this law shall be subject to criminal penalties and civil liability."

M.G.L.A. 149 § 19B(2)(b).  This violated Plaintiff's legal right, as a job applicant, to be apprised

by CVS (the employer to which he was applying for a job) of M.G.L.A. 149 § 19B's employer-

administered lie detector test prohibition.  That is sufficient for Plaintiff to be aggrieved.[25]

The fact that individuals are aggrieved by statutory notice violations is a well-established

principle of the law of the Commonwealth and its sister states.  Numerous other Massachusetts

statutes afford individuals so aggrieved with private rights of action.  *See, e.g.*:

**a. M.G.L.A. 169A**
- o [Notice requirement:] Section 6. A schedule of fees and charges to be assessed for the
  cashing of checks, drafts or money orders . . . shall be conspicuously posted in each
  place of business and mobile unit of a licensee.
- o [Private right of action:] Section 12. . . . an aggrieved party may enforce the
  provisions of this chapter, or restrain any violations thereof, by filing a civil action in
  a court of competent jurisdiction.

---

[25] Even if the Notice Violation was not independently sufficient for Plaintiff to be "aggrieved," (it
is), Plaintiff Baker was further aggrieved when was not informed by Defendants of his § 19B
rights, because he was subsequently subjected to a lie detector test about which he did not know
to inquire, and of which he therefore remained unaware.  This caused Plaintiff Baker to suffer
injury when, as described *supra*, his personal psychographic information, which he desired to keep
private, was exposed to Defendants, and he, as a job applicant and as a person, was reduced to the
results of the lie detector test to which he had been subjected.

**b. M.G.L.A. 255E**

- o [Notice requirement:] Section 5. . . . A copy of such license shall be prominently posted in each place of business of the licensee.
- o [Private right of action:] Section 11. (b) . . . Nothing in this section shall limit the right of any individual or entity who has been injured as a result of any violation of this chapter by a licensee[] . . . to bring an action to recover damages or restitution in a court of competent jurisdiction.

**c. M.G.L.A. 272**

- o [Notice requirement:] Section 99. . . . The term 'interception' means to secretly hear, secretly record, or aid another to secretly hear or secretly record the contents of any wire or oral communication through the use of any intercepting device by any person other than a person given prior authority by all parties to such communication[.]
- o [Private right of action:] Any aggrieved person whose oral or wire communications were intercepted, disclosed or used except as permitted or authorized by this section or whose personal or property interests or privacy were violated by means of an interception except as permitted or authorized by this section shall have a civil cause of action[.]
- o *Heffernan v. Hashampour*, 2009 WL 6361870, at *1 (Mass. Super. Dec. 19, 2009) ("The Massachusetts Wiretap Act requires that all parties must be **notified** that a call is being recorded, and further, provides that: Any aggrieved person whose oral or wire communications were intercepted . . . shall have a civil cause of action against any person who so intercepts, discloses or uses such communications . . . and shall be entitled to recover [actual damages, punitive damages, a reasonable attorneys fee, and costs] from any such person . . .") (internal citations omitted) (emphasis added).

The same is true of statutes from other jurisdictions. *See, e.g.*:

**a. 740 ILCS 14**

- o [Notice requirements, *inter alia*:] Sec. 15.(a) A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.
- o [Private right of action:] Sec. 20. Right of action. Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party.
- o *Mora v. J&M Plating, Inc.*, 2022 IL App (2d) 210692, P6-P11 ("Section 15(a) of the Biometric Act, which is at issue in this case, contains a requirement to develop, publish, and comply with a retention-and-destruction schedule. . . . These provisions are enforceable through private rights of action. . . . When a private entity fails to comply with one of section 15's requirements, that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric data is subject to breach. . . . The violation, in itself, is sufficient to support the individual's or customer's statutory cause of action.") (cleaned up and internal

citations omitted).

**b.  NYC Admin. Code §§ 22-1201,** *et seq***.**

o  [Notice requirement:] § 22-1202. a. Any commercial establishment that collects, retains, converts, stores or shares biometric identifier information of customers must disclose such collection, retention, conversion, storage or sharing, as applicable, by placing a clear and conspicuous sign near all of the commercial establishment's customer entrances notifying customers in plain, simple language, in a form and manner prescribed by the commissioner of consumer and worker protection by rule, that customers' biometric identifier information is being collected, retained, converted, stored or shared, as applicable.

o  [Private right of action:] § 22-1203. A person who is aggrieved by a violation of this chapter may commence an action in a court of competent jurisdiction on his or her own behalf against an offending party.

Defendants themselves remark upon how "[t]he general and familiar rule is that a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language[.]"  MTD at 6 (citing *Hanlon v. Rollins*, 286 Mass. 444, 447 (1934)).  Once again, M.G.L.A. 149 § 19B(2)(b) is ordered as: Chapter: 149; Section: 19B; Subsection: (2); Paragraph: (b) – M.G.L.A. 149 § 19B(2)(b) is "Paragraph (b) of subsection two of section nineteen B[.][26]  *See supra*.  Therefore, § 19B(4)'s "any person aggrieved by a violation of subsection (2)" language clearly encompasses "any person aggrieved" by a violation of (2)(b)'s notice requirement.

## III.  <u>ARTICLE III STANDING</u>

In their supplemental submission, Defendants claim that "Plaintiff does not have standing . . . because Plaintiff alleges neither that the specific 'interview' . . . actually constitutes a lie detector test under the Lie Detector Statute, nor that he was otherwise unaware of the Massachusetts Lie Detector Statute and that such knowledge would have changed anything for him."  Supp. Br. at 1. This is a surprising about-face.

It is Defendants' burden to establish Article III standing because Plaintiff filed this case

---

[26] Arisohn Decl., Exhibit 2.

in Massachusetts Superior Court, which does not apply Article III, and Defendants removed it. *See Carpenter v. Suffolk Franklin Sav. Bank*, 346 N.E.2d 892, 895 (1976) (Stating "[federal decisions] have been 'plagued by the problem of 'standing' arising from the federal constitutional provision restricting the judicial power to actual cases and controversies' [while] State courts need not become enmeshed in the Federal complexities and technicalities and are free to reject procedural frustrations in favor of just and expeditious determinations on the ultimate merits."); *see also* ECF No. 1. [27]

But regardless, Plaintiff has Article III standing.  As Defendants recognize, Plaintiff *does* "establish some specific 'downstream consequence' connected to Defendants' alleged failure to provide him with notice about lie detectors[]" – namely, "that he was (1) subjected to a lie detector test that he would not have otherwise taken (2) because he was deprived notice."  *See* Supp. Br. at 3-4; *c.f.  supra* II.B-C ("Plaintiff Baker . . . was subjected personally to Defendants' lie detector test"; Plaintiff did not have the "opportunity to opt out of the video screens or to meaningfully challenge the assessments[]"; "By depriving Plaintiff of [this opportunity,] Defendants *subjected* Plaintiff to – caused and/or forced him to undergo and/or endure something that he would not have volunteered for or elected – a lie detector test[]"; et al.). Plaintiff further notes that Notice Violations give rise to Article III standing in addition to statutory standing when the violation presents a risk of material harm to the underlying interest

---

[27] Courts in this district have awarded attorney's fees where, as here, a defendant has contested Article III standing after removing a case to Federal Court.  *See, e.g., Schwesinger v. Hurley*, 2014 WL 1311756, at \*5 (D. Mass. Mar. 31, 2014) ("courts may award attorney's fees under § 1447(c) [] where the removing party lacked an objectively reasonable basis for seeking removal.") (cleaned up); *Harvard Real Estate-Allston, Inc. v. Kmart Corp.*, 407 F. Supp. 2d 317, 322 (D. Mass. 2005) ("The justification for the award of attorney's fees is especially strong in a case such as this where, on a spurious basis, the defendant delayed the summary process procedure by invoking the removal procedures of the federal court…When such a process is necessary because a party has removed without an objectively reasonable basis for federal jurisdiction, § 1447(c) directs payment of just costs and any actual expenses, incurred as a result of the removal.") (cleaned up).

the legislature sought to protect.  *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, 707 F. App'x 724, 727 (2d Cir. 2017) ("Where a plaintiff alleges only a procedural violation, the central inquiry ... is whether the particular bare procedural violation may present a material risk of harm to the underlying concrete interest Congress sought to protect.") (cleaned up).  Here, Plaintiff has realized that exact harm, as he alleges he was subjected to a lie detector test as a result of Defendants' Notice Violation.  Finally, Plaintiff notes that he has statutory standing, which is all that is required for his claims in state court.  *See supra* § II(a)-(c).

As a final note, if the Court finds that Plaintiff does not have Article III standing, the case should be remanded rather than dismissed.  *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Hum. Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989) ("[L]ack of standing is a jurisdictional defect, and 'the proper course is remand' under § 1447(c), 'not dismissal.'") (citing *Langford v. Gates*, 610 F.Supp. 120, 122-23 (D.C.Cal.1985)).

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied.  To the extent the Court grants any aspect of Defendants' Motion, Plaintiff should be permitted leave to amend.  *Pruell v. Caritas Christi*, 678 F.3d 10, 15 (1st Cir. 2012) (lower court abused discretion by denying leave to amend after dismissing amended complaint because "some latitude has to be allowed where a claim looks plausible based on what is known").

Dated: October 20, 2023                      Respectfully submitted,

                                             **BURSOR & FISHER, P.A.**

                                             By: */s/ Joshua D. Arisohn*
                                                   Joshua D. Arisohn

                                             Joshua D. Arisohn (*Pro Hac Vice*)
                                             Julian C. Diamond (*Pro Hac Vice*)
                                             Matthew A. Girardi (*Pro Hac Vice*)

1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: jarisohn@bursor.com
       jdiamond@bursor.com
       mgirardi@bursor.com

**BIRNBAUM & GODKIN, LLP**
David S. Godkin (BBO#196530)
James E. Kruzer (BBO#670827)
1 Marina Park Drive, Suit 1410
Boston, MA 02210
Telephone: (617) 307-6100
Email:  godkin@birnbaumgodkin.com
       kruzer@birnbaumgodkin.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2023, a true and correct copy of the foregoing was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Joshua D. Arisohn*
Joshua D. Arisohn
