IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| BRENDAN BAKER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>CVS HEALTH CORPORATION and CVS PHARMACY, INC.,<br><br>      Defendants. | Civil Action No. 23-cv-11483<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brendan Baker ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Defendants CVS Health Corporation and CVS Pharmacy, Inc. (collectively, "Defendants" or "CVS").

## NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to M.G.L.A. 149 § 19B (the "Statute") to redress the unlawful practices in Defendants' employment application and hiring process.

2. M.G.L.A. 149 § 19B(1) defines a lie detector test as:

[A]ny test utilizing a polygraph or any other device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual.

3. M.G.L.A. 149 § 19B(2) states:

It shall be unlawful for any employer or his agent, with respect to any of his employees, or any person applying to him for employment, including any person applying for employment as a police officer, to subject such person to, or request such person to take a lie detector test within or without the commonwealth, or to discharge, not hire, demote or otherwise discriminate against such person for the assertion of rights arising hereunder.

This section shall not apply to lie detector tests administered by law enforcement agencies as may be otherwise permitted in criminal investigations.

4. However, Defendants (an employer) subjected Plaintiff and class members (persons applying to Defendants for employment) to a lie detector test – an interview conducted and analyzed with HireVue (a "HireVue Interview") – during their interview/hiring process.

5. A HireVue Interview constitutes a lie detector test, under the Statute, because it is a test utilizing a device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual. M.G.L.A. 149 § 19B(1).

6. M.G.L.A. 149 § 19B(2)(b) states:

All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability."

7. However, Defendants do not provide such written notice of rights concerning lie detector tests in their job applications. And this is despite Defendants subjecting persons applying to Defendants for employment to HireVue Interviews, which are lie detector tests.

8. Under M.G.L.A. 149, § 19B(4), persons aggrieved by a violation of § 19B(2) have a private right of action for such violation(s), for injunctive relief and damages, including minimum statutory damages of $500 per violation.

9. Section 19B(4) also expressly authorizes class actions, providing that a civil action may be brought by a person "in his own name and on his own behalf, or for himself and, for other [sic] similarly situated."

10. Thus, pursuant to M.G.L.A. 149, § 19B(4), Plaintiff brings this action, on behalf of himself and the class members, to redress Defendants' violations of M.G.L.A. 149, § 19B(2) and (2)(b).

## PARTIES

11. Plaintiff Brendan Baker is a citizen of Massachusetts who resides in Milton, Massachusetts. While in Massachusetts, Mr. Baker applied for a supply chain position located in Massachusetts with Defendants in or around January 2021. Defendants subjected Plaintiff Baker to a lie detector test, a HireVue Interview. Plaintiff Baker was unaware, at the time, that the HireVue Interview was a lie detector test. Had Plaintiff Baker been made aware by Defendants that the HireVue Interview was a lie detector test, he would not have participated in the HireVue Interview. Plaintiff was also not provided with the required written lie detector test prohibition notice, even though he applied for employment with Defendants. Mr. Baker was not hired, but if Mr. Baker had been hired, the position would have been performed in Massachusetts.

12. Defendant CVS Health Corporation is a Delaware Corporation with its principal place of business at One CVS Drive, Woonsocket, Rhode Island.

13. Defendant CVS Pharmacy, Inc. is a Rhode Island Corporation with its principal place of business at One CVS Drive, Woonsocket, Rhode Island. Defendant CVS Pharmacy, Inc. is a subsidiary of Defendant CVS Health Corporation.

14. Each of the Defendants acted jointly to perpetrate the acts described herein. At all times relevant to the allegations in this matter, each of these Defendants acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendant within the course and scope of the agency, regarding the acts and omissions alleged.

## JURISDICTION AND VENUE

15. Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the class is a citizen of a state different from any Defendant, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed class contains more than 100 members.

16. This court has personal jurisdiction over Defendants because a substantial portion of the events giving rise to this cause of action occurred here.  Plaintiff is domiciled and suffered his primary injury in this district.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL ALLEGATIONS

18. Defendants contract with another company, HireVue, Inc., to use HireVue, Inc.'s AI job candidate screening tool, the HireVue Interview.  HireVue Interviews are used by much of the Fortune 500 in pre-recorded (one-way) video and/or live video interview sessions. Defendants use HireVue Interviews to screen CVS job candidates (including Plaintiff and class members).

19. HireVue Interviews fall under the Massachusetts definition of "lie detector tests." M.G.L.A. 149 § 19B(1).

20. Each time that Defendants, during their interview/hiring process, administered HireVue Interviews to job applicants (like Plaintiff and class members), Defendants subjected said persons to a lie detector test, in violation of M.G.L.A. 149, § 19B(2).

4

21. HireVue, itself, confirms that video interviewing holds the potential to "provide the ability to scale your lie detection, screen out embellishers, and hone in on those who are actually a fit for the role."[1]

22. HireVue works by having job candidates, including Plaintiff and class members, answer a set of interview questions online while being video recorded. Some of the questions that candidates can be asked include:

-What does integrity mean to you?

-You discovered that your coworker has been falsifying information in their reports to make them look more productive. Would you report this, even though it could hurt your relationship with them? What factors would you consider? How do ethics and integrity impact what you would report?

-Tell me about a time that you acted with integrity.

-What does integrity mean to you?

-How would other people describe your work ethic?

-What would you do if you saw someone cheating on a test?

-A student group president posts exam answers for all students in the group. How would you respond?

-Have You Ever Acted with Integrity?

23. HireVue then uploads candidates' respective interview videos to the application programming interface ("API") of Affectiva, an artificial intelligence company that works to understand human emotions, cognitive states, and activities by analyzing facial and vocal expressions.

24. Affectiva "use[s] something called the Facial Action Coding System (FACS), developed by Paul Ekman, to label facial expressions. There are 24 core facial actions that occur

---

[1] https://www.hirevue.com/blog/hiring/feedback-the-building-block-of-a-great-candidate-experience.

independently on a human face[]"[2] which FACS may track.  FACS and/or similar systems have been utilized, both in academic studies and in practice, for the purpose of facilitating deception detection.[3][4]

25. HireVue, specifically, utilizes Affectiva technology[5] to track qualities and/or expressions[6] such as anger, fear, sadness, attention, joy, valence ("a measure of the positive or negative nature of the recorded person's experience"[7]), smiles, surprise, contempt, disgust, and smirks.

26. With these and/or other inputs (i.e., "candidate[s'] voice intonation, speech inflection, eye contact, perceived 'enthusiasm' for the role, and up until recently, facial expressions[]"[8]) HireVue builds "a database of deep, rich psychographic information on millions of people,"[9] purportedly evaluates hundreds of a job applicant's personality traits, and ultimately draws conclusions regarding a job applicant's degree of cultural fit with companies.  HireVue

---

[2] https://blog.affectiva.com/the-emotion-behind-facial-expressions.

[3] https://arxiv.org/ftp/arxiv/papers/2105/2105.13659.pdf.

[4] https://legaltechnology.com/2017/04/06/jury-lab-partners-with-affectiva-emotion-ai/ ("Susan Constantine, MPsy, author and founder of Silent Messages LLC, is announcing the launch of her new business, Jury Lab, LLC. The new company has partnered with Wild Blue Technology and Affectiva Emotion AI, a company that brings artificial intelligence to life with emotion recognition technology. Jury Lab is a patent-pending emotion response software service that provides the legal community break-through technology to enhance the proven sciences of emotion recognition, body language reading, and deception detection.").

[5] https://www.slideshare.net/ignaciophoenix/tim-peacock-emotion-ai-developer-day-2016, Slides 18-19.

[6] https://www.fastcompany.com/3064863/watch-this-ai-platform-assess-trumps-and-clintons-emotional-intelligence.

[7] https://www.degruyter.com/document/doi/10.1515/pjbr-2020-0030/html?lang=en.

[8] https://www.law.georgetown.edu/georgetown-law-journal/wp-content/uploads/sites/26/2021/06/Hinkle-The_Modern_Law_Detector.pdf.

[9] *Id.*

conveys these findings to employers by "assign[ing] each applicant a numerical 'employability' score[]"[10] or "competency-level scoring report[.]"[11]

27. Such scores can be tailored to meet employers' highly individualized needs; HireVue employability scores' "precise criteria are often developed in consultation with the employer to establish 'future top performer' qualities and behaviors. But in determining a candidate's employability score, the algorithm will typically evaluate cognitive ability, emotional intelligence, and personality traits, including core competencies such as 'willingness to learn,' 'conscientiousness & responsibility,' and 'personal stability.'"[12]

28. HireVue, on its website, states, of an employee demonstrating "Conscientiousness & Responsibility: Is responsible, reliable, and committed to achieving and maintaining high work standards. Has an **innate sense of integrity and honor**. Can self-monitor and manage their own follow-up."[13]  (emphasis added).

29. A HireVue patent, No. 10528916, titled "Competency-based question selection for digital evaluation platforms," sheds further light upon the company's competency-level scoring.  Specifically, the patent describes "methods and systems for interview competency and question validation and analysis" utilizing a "digital evaluation platform" that can be "used by a candidate (or interviewee) during a digital interview."[14]  Per the patent, "[t]he digital evaluation platform can organize the digital interview using competency data corresponding to the interview as well as questions data" and "some of the potential competencies may include drive,

---

[10] *Id.*

[11] https://www.hirevue.com/blog/hiring/hirevue-hiring-intelligence.

[12] https://www.law.georgetown.edu/georgetown-law-journal/wp-content/uploads/sites/26/2021/06/Hinkle-The_Modern_Law_Detector.pdf.

[13] https://www.hirevue.com/blog/hiring/6-ways-to-use-the-hiring-process-to-overcome-contact-center-attrition.

[14] https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10528916.

dedication, creativity, motivation, communication skills, teamwork, energy, enthusiasm, determination, **reliability, honesty, integrity**, intelligence, pride, dedication, analytical skills, listening skills, achievement profile, efficiency, economy, procedural awareness, opinion, emotional intelligence, etc."[15] (emphasis added).

30. Given the foregoing, HireVue Interviews are lie detector tests; they are a "test utilizing . . . any other device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of or purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual." *See* M.G.L.A. 149 § 19B(1).

31. Each time that Defendants, during their interview/hiring process, administered HireVue Interviews to job applicants (like Plaintiff and class members), Defendants subjected said persons to a lie detector test, in violation of M.G.L.A. 149, § 19B(2). Defendants do not provide candidates, including Plaintiff and class members, an opportunity to opt out of the video screens or to meaningfully challenge the assessments.

32. Defendants also present Massachusetts job applicants with online job applications that do not contain the required written lie detector test notice under M.G.L.A. 149 § 19B(2)(b).

## CLASS REPRESENTATION ALLEGATIONS

33. Plaintiff seeks to represent a class defined as:

All persons who applied for a Massachusetts CVS position (The "Class").

34. Plaintiff seeks to represent a sub-class defined as:

All persons who applied for a Massachusetts CVS position and participated in a CVS HireVue Interview (The "Sub-Class"; collectively, with the Class, the "Classes").

---

[15] *Id.*

35. Members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Classes number in the thousands. The precise number of the Classes' members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

36. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants' conduct as alleged herein violates Massachusetts law, including the provisions of c. 149 § 19B(2) and c. 149 § 19B(2)(b); whether Plaintiff and Class members are entitled to damages and if so, in what amount; and whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

37. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' unlawful hiring practices and suffered a loss as a result. Plaintiff, like all members of the class, suffer a continuing risk of injury as well.

38. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, has retained competent counsel experienced in prosecuting class actions, and intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

39. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and

extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Declaratory and Injunctive Relief

40. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

41. Absent injunctive relief, Defendants may continue to violate the law and violate the rights of Massachusetts job applicants.

42. Plaintiff asks this court to declare Defendants' conduct unlawful and enjoin Defendants from using and disseminating application materials in violation of Massachusetts law.

## COUNT II
### Violation of M.G.L.A. 149, § 19B(2)

43. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

44. M.G.L.A. 149 § 19B(1) defines a lie detector test as:

> [A]ny test utilizing a polygraph or any other device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual.

45. M.G.L.A. 149 § 19B(2) states:

It shall be unlawful for any employer or his agent, with respect to any of his employees, or any person applying to him for employment, including any person applying for employment as a police officer, to subject such person to, or request such person to take a lie detector test within or without the commonwealth, or to discharge, not hire, demote or otherwise discriminate against such person for the assertion of rights arising hereunder. This section shall not apply to lie detector tests administered by law enforcement agencies as may be otherwise permitted in criminal investigations.

46. However, Defendants (an employer) subjected Plaintiff and class members (persons applying to Defendants for employment) to a lie detector test – an interview conducted and analyzed with HireVue (a "HireVue Interview") – during their interview/hiring process.

47. A HireVue Interview constitutes a lie detector test, under the Statute, because it is a test utilizing a device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual.  M.G.L.A. 149 § 19B(1).

48. Plaintiff and Class members seek damages as a result of Defendants' violations of M.G.L.A. 149 § 19B(2), including statutory damages of not less than five hundred dollars per violation, and attorney's fees, and costs pursuant to 149, § 19B(4).

## COUNT II
### Violation of M.G.L.A. 149, § 19B(2)(b)

49. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

50. Massachusetts law explicitly requires every company soliciting applications for employment to include the following language on **each and every application:** "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or

11

continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability." M.G.L.A. 149 § 19B(2)(b).

51. Defendants did not include this statutorily required language on their job applications, including the job applications filled out by Plaintiff and class members.

52. Making matters worse, Defendants' interview process involves video interviews with HireVue, which, inter alia, "purport[s] to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual." *See* M.G.L.A. 149 § 19B(1).

53. Plaintiff and Class members seek damages as a result of Defendants' violations of M.G.L.A. 149 § 19B(2)(b), including statutory damages of not less than five hundred dollars per violation, and attorney's fees, and costs pursuant to 149, § 19B(4).

## **RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a. For an order certifying the Classes and naming Plaintiff as representatives of the Class and Plaintiff's attorneys as Class Counsel to represent the Classes;

b. For an order declaring that Defendants' conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the Classes, on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

  h.  For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims so triable.

Dated:  November 9, 2023        Respectfully submitted,

                **BURSOR & FISHER, P.A.**

                By: */s/ Julian C. Diamond*
                    Julian C. Diamond

                Julian C. Diamond (*Pro Hac Vice*)
                Joshua D. Arisohn (*Pro Hac Vice*)
                Matt A. Girardi (*Pro Hac Vice*)
                1330 Avenue of the Americas, 32nd Floor
                New York, NY 10019
                Tel:  (646) 837-7150
                Fax: (212) 989-9163
                E-Mail: jdiamond@bursor.com
                     jarisohn@bursor.com
                     mgirardi@bursor.com

                David S. Godkin (BBO#196530)
                James E. Kruzer (BBO#670827)
                **BIRNBAUM & GODKIN, LLP**
                1 Marina Park Drive, Suite 1410
                Boston, MA 02210
                (617) 307-6100
                godkin@birnbaumgodkin.com
                kruzer@birbnaumgodkin.com

                *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2023, a true and correct copy of the foregoing was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                                  */s/ Julian C. Diamond*
                                                   Julian C. Diamond