```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                                    )
BRENDAN BAKER, individually and on  )
behalf of all others similarly situated )
                                    )
            Plaintiffs,             )
                                    )   Civil Action
v.                                  )   No. 23-11483
                                    )
CVS HEALTH CORPORATION and          )
CVS PHARMACY, INC.,                 )
                                    )
            Defendants.             )
_____)
```

**MEMORANDUM AND ORDER**

February 16, 2024

Saris, D.J.

**INTRODUCTION**

Plaintiff Brendan Baker ("Baker") brings this proposed class action against Defendants CVS Health Corporation and CVS Pharmacy, Inc. (collectively "CVS") under Mass. Gen. Laws ch. 149, § 19B ("Lie Detector Statute"). Baker alleges that when he applied for a job with CVS, CVS unlawfully subjected him to a lie detector test and failed to provide him required notice of his statutory rights.

The second amended complaint contains three counts. First, Baker seeks a declaratory judgment that CVS's application process violates Massachusetts law and an injunction on that process

1

(Count I). Second, Baker alleges that CVS violated Mass. Gen. Laws ch. 149, § 19B(2) by subjecting him to a lie detector test (Count II). Third, Baker alleges that CVS violated Mass. Gen. Laws ch. 149, § 19B(2)(b) by failing to provide him required notice of his statutory rights (Count III).[1] Baker seeks to represent a class of "[a]ll persons who applied for a Massachusetts CVS position" and a sub-class of all applicants who "participated in a CVS HireVue Interview," which Baker alleges constituted a lie detector test. Dkt. 35 at 8.

Defendants do not challenge the sufficiency of the claims that CVS violated the Lie Detector Statute. CVS moves to dismiss only the third count, arguing that the Lie Detector Statute does not create a private right of action to enforce its notice provisions (Dkt. 22), and alternatively, that Baker lacks Article III standing to challenge the lack of notice (Dkt. 42). After hearing, the Court **DENIES** CVS's motions to dismiss Count III (Dkts. 22 & 42).

## BACKGROUND

**I.   Statutory Scheme**

The Lie Detector Statute prohibits employers in Massachusetts from subjecting employees or applicants to lie detector tests as

---

[1] Baker's second amended complaint contains two counts listed as "Count II." See Dkt. 35 at 10-11. The Court treats the second of those -- Baker's notice-violation claim -- as "Count III."

2

a condition of employment or continued employment. Mass. Gen. Laws ch. 149, § 19B(2). Under the statute, a lie detector test is:

> [A]ny test utilizing a polygraph or any other device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual.

Id. § 19B(1). Subsection (2) provides:

> It shall be unlawful for any employer or his agent, with respect to any of his employees, or any person applying to him for employment . . . to subject such person to, or request such person to take a lie detector test . . . or to discharge, not hire, demote or otherwise discriminate against such person for the assertion of rights arising hereunder. . . .
>
>     (a) The fact that such lie detector test was to be, or was, administered outside the commonwealth for employment within the commonwealth shall not be a valid defense to an action brought under the provisions of subsection (3) or (4).
>
>     (b) All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print:
>
>     "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability."

Id. § 19B(2). Finally, Subsection (4) states:

> Any person aggrieved by a violation of subsection (2) may institute within three years of such violation and prosecute in his own name and on his own behalf, or for himself and for other similarly situated, a civil action for injunctive relief and any damages thereby incurred,

3

> including treble damages for any loss of wages or other benefits.

Id. § 19B(4).

## II. CVS's Application Process

Drawing all inferences in favor of Baker, the Court accepts the following factual allegations from the second amended complaint as true. Around January 2021, Baker applied for a supply chain position in Massachusetts with CVS. The application, which CVS posted online, did not include the notice of rights mandated by the Lie Detector Statute.

To screen applicants, CVS administers a video-interview technology developed by a company called HireVue, Inc. ("HireVue Interview"). During the HireVue Interview, an applicant answers a series of questions while being video-recorded. These include questions like "What does integrity mean to you?", "What would you do if you saw someone cheating on a test?", and "Tell me about a time that you acted with integrity." Dkt. 35 at 5. HireVue then uploads recordings of applicants' responses to a third-party platform called Affectiva, which analyzes candidates' facial expressions, eye contact, voice intonation, and inflection using artificial intelligence. Through Affectiva, HireVue uses data from an applicant's interview recording to "draw[] conclusions regarding [her] degree of cultural fit" with CVS. Id. at 6. HireVue conveys its findings to CVS with a numerical "employability score"

4

or "competency-level scoring report" for each applicant. Id. at 7 (cleaned up). HireVue has stated that it can detect whether an applicant "[h]as an innate sense of integrity and honor," help with "lie detection" and "screen[ing] out embellishers," and organize applicant competencies including "reliability, honesty, [and] integrity." Id. at 5, 7-8.

During Baker's application process, CVS administered a HireVue Interview on him. Dkt. 35 at 2, 4. He was "unaware, at the time, that the HireVue Interview was a lie detector test," and states that if he had been, "he would not have participated in the HireVue Interview." Id. at 3.

## DISCUSSION

### I. Standing

CVS argues that Baker lacks standing to bring his notice claim because he has pleaded only a bare procedural violation without showing concrete harm. "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." Susan B. Anthony List v. Driehaus, 573 U.S. 149, 157-58 (2014) (cleaned up). An "injury in fact" must be "both concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Spokeo, Inc. v. Robins, 578 U.S.

5

330, 339 (2016) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)).

"[T]he Supreme Court has repeatedly said that denial of information to which plaintiffs have a legal right can be a concrete injury in fact." Laufer v. Acheson Hotels, LLC, 50 F.4th 259, 269 (1st Cir. 2022) (first citing Fed. Election Comm'n v. Akins, 524 U.S. 11, 20-21 (1998); and then citing Pub. Citizen v. U.S. Dep't of Just., 491 U.S. 440, 449-50 (1989)), vacated as moot, 601 U.S. 1 (2023). In some circumstances, the Court has treated plaintiffs' "asserted uses for the information they sought" as immaterial to the standing analysis. Laufer v. Naranda Hotels, LLC, 60 F.4th 156, 170 (4th Cir. 2023); see, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363, 373-74 (1982) ("A tester who has been the object of a misrepresentation made unlawful under [the statute] . . . has standing to maintain a claim for damages under the Act's provisions."); Pub. Citizen, 491 U.S. at 449 ("Our decisions . . . have never suggested that those requesting information . . . need show more than that they sought and were denied specific agency records."); see also Akins, 524 U.S. at 21 ("{A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute.").

However, the Supreme Court's recent decision in TransUnion LLC v. Ramirez muddied the waters. 594 U.S. 413 (2021). There, the

6


named plaintiff sued a credit-reporting agency under the Fair Credit Reporting Act, which requires that agencies "disclose to the consumer all information in the consumer's file" upon request and provide a "summary of rights" with "each written disclosure." Id. at 418-19 (cleaned up). He alleged, among other things, that when he requested a copy of his credit file, the defendant initially sent an incomplete file along with the required summary of rights, and then a day later, sent him the rest of his file without another summary of rights. The Court held that because the plaintiff had "not allege[d] that [he] failed to receive any required information," rather "only that [he] received it in the wrong format," Akins and Public Citizen were distinguishable. Id. at 441 (emphasis omitted). "Moreover," the Court held, "the plaintiff[] ha[d] identified no 'downstream consequences' from failing to receive the required information." Id. at 442. Thus, the plaintiff's alleged informational injury did not support Article III standing.

The legal question is how to apply TransUnion in light of the "informational injury" cases that preceded it. Since TransUnion, some circuits have held that plaintiffs asserting informational injuries must show "(1) the denial of information and (2) some consequence caused by that omission" that has "some relevance" to an interest that the statute was intended to protect. Kelly v. RealPage Inc., 47 F.4th 202, 213 (3d Cir. 2022); Laufer v. Looper,

22 F.4th 871, 881 & n.6 (10th Cir. 2022); accord Harty v. W. Point Realty, Inc., 28 F.4th 435, 444 (2d Cir. 2022). Other circuits have narrowly construed TransUnion's discussion of "downstream consequences" as applying only to the type of informational injury at issue there: receiving required information in the wrong format. See, e.g., Laufer, 60 F.4th at 170 (holding that because "Havens Realty squarely rejected [a] use requirement" and TransUnion did not overrule Havens Realty, "any use requirement is limited to the type of informational injury at issue in TransUnion and does not extend to the type of informational injury presented in Public Citizen and Akins").

Even under an expansive interpretation of TransUnion, Baker has pleaded a concrete informational injury. Baker alleges that he was denied the notice of his rights under the Lie Detector Statute, not that he received notice in the wrong format. Additionally, he has plausibly alleged that as a downstream consequence of not receiving notice, he participated in a HireVue Interview. Although the notice would not have specifically informed Baker that the HireVue Interview was a lie detector test, it would have primed him to view the interview more critically. Baker's injury is of the kind the statute was designed to protect. Accordingly, CVS's Rule 12(b)(1) motion (Dkt. 42) is **DENIED**.[2]

---

[2] Applicants who never took the HireVue Interview may well be in a different boat on the standing question.

## II. Statutory Interpretation

CVS also argues that the Lie Detector Statute does not authorize suits to enforce its notice provision. Statutory interpretation starts with the plain language of the statute. See United States v. Lachman, 387 F.3d 42, 50 (1st Cir. 2004). Here, the Lie Detector Statute authorizes suit by "[a]ny person aggrieved by a violation of subsection (2)," which includes the notice requirement. Mass. Gen. Laws ch. 149, § 19B(4); see id. § 19B(2)(b). CVS's appeals to the Lie Detector Statute's legislative history are unavailing because the statutory language is unambiguous. See Gen. Motors Corp. v. Darling's, 444 F.3d 98, 108 (1st Cir. 2006). Accordingly, CVS's Rule 12(b)(6) motion (Dkt. 22) is **DENIED**.

## ORDER

This Court **DENIES** CVS's motions to dismiss for failure to state a claim (Dkt. 22) and for lack of standing (Dkt. 42).

SO ORDERED.

/s/  PATTI B. SARIS
Patti B. Saris
United States District Judge