## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRENDAN BAKER, individually and on behalf of all others similarly situated, <br><br>         Plaintiff, <br><br>    v. <br><br> CVS HEALTH CORPORATION and CVS PHARMACY, INC., <br><br>         Defendants. | Civil Action No. 23-cv-11483-PBS |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants CVS HEALTH CORPORATION ("CVS Health") and CVS PHARMACY, INC ("CVS Pharmacy") (collectively "Defendants"), by and through their attorneys, Seyfarth Shaw, LLP, hereby submit their Answer to Plaintiff's Second Amended Complaint.

To the extent Plaintiff has alleged any facts that are not expressly admitted below, such allegations are denied.

## NATURE OF THE ACTION

### COMPLAINT ¶1:

Plaintiff brings this action pursuant to M.G.L.A. 149 § 19B (the "Statute") to redress the unlawful practices in Defendants' employment application and hiring process.

### ANSWER:

Defendants admit that Plaintiff is seeking to pursue this action pursuant to M.G.L.A. 149 § 19B. Defendants deny the remaining allegations in Paragraph 1.

### COMPLAINT ¶2:

M.G.L.A. 149 § 19B(1) defines a lie detector test as:

[A]ny test utilizing a polygraph or any other device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting to assist in or enable the

detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual.

**ANSWER:**

Paragraph 2 consists of a legal conclusion to which no response is required.

**COMPLAINT ¶3:**

M.G.L.A. 149 § 19B(2) states:

It shall be unlawful for any employer or his agent, with respect to any of his employees, or any person applying to him for employment, including any person applying for employment as a police officer, to subject such person to, or request such person to take a lie detector test within or without the commonwealth, or to discharge, not hire, demote or otherwise discriminate against such person for the assertion of rights arising hereunder. This section shall not apply to lie detector tests administered by law enforcement agencies as may be otherwise permitted in criminal investigations.

**ANSWER:**

Paragraph 3 consists of a legal conclusion to which no response is required.

**COMPLAINT ¶4:**

However, Defendants (an employer) subjected Plaintiff and class members (persons applying to Defendants for employment) to a lie detector test – an interview conducted and analyzed with HireVue (a "HireVue Interview") – during their interview/hiring process.

**ANSWER:**

Defendants deny the allegations in Paragraph 4.

**COMPLAINT ¶5:**

A HireVue Interview constitutes a lie detector test, under the Statute, because it is a test utilizing a device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual. M.G.L.A. 149 § 19B(1).

**ANSWER:**

Defendants deny the allegations in Paragraph 5.

**COMPLAINT ¶6:**

M.G.L.A. 149 § 19B(2)(b) states:

All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability."

**ANSWER:**

Paragraph 6 consists of a legal conclusion to which no response is required.

**COMPLAINT ¶7:**

However, Defendants do not provide such written notice of rights concerning lie detector tests in their job applications. And this is despite Defendants subjecting persons applying to Defendants for employment to HireVue Interviews, which are lie detector tests.

**ANSWER:**

Defendants deny the allegations in Paragraph 7.

**COMPLAINT ¶8:**

Under M.G.L.A. 149, § 19B(4), persons aggrieved by a violation of § 19B(2) have a private right of action for such violation(s), for injunctive relief and damages, including minimum statutory damages of $500 per violation.

**ANSWER:**

Paragraph 8 consists of a legal conclusion to which no response is required.

**COMPLAINT ¶9:**

Section 19B(4) also expressly authorizes class actions, providing that a civil action may be brought by a person "in his own name and on his own behalf, or for himself and, for other [sic] similarly situated."

**ANSWER:**

Paragraph 9 consists of a legal conclusion to which no response is required.

**COMPLAINT ¶10:**

Thus, pursuant to M.G.L.A. 149, § 19B(4), Plaintiff brings this action, on behalf of himself and the class members, to redress Defendants' violations of M.G.L.A. 149, § 19B(2) and (2)(b).

**ANSWER:**

Defendants admit that Plaintiff purports to bring this action as a putative class action. Defendants deny that the effort has any merit, and denies the remaining allegations in Paragraph 10.

## PARTIES

**COMPLAINT ¶11:**

Plaintiff Brendan Baker is a citizen of Massachusetts who resides in Milton, Massachusetts. While in Massachusetts, Mr. Baker applied for a supply chain position located in Massachusetts with Defendants in or around January 2021. Defendants subjected Plaintiff Baker to a lie detector test, a HireVue Interview. Plaintiff Baker was unaware, at the time, that the HireVue Interview was a lie detector test. Had Plaintiff Baker been made aware by Defendants that the HireVue Interview was a lie detector test, he would not have participated in the HireVue Interview. Plaintiff was also not provided with the required written lie detector test prohibition notice, even though he applied for employment with Defendants. Mr. Baker was not hired, but if Mr. Baker had been hired, the position would have been performed in Massachusetts.

**ANSWER:**

Defendants are without sufficient knowledge or information to form a belief about whether Plaintiff is a citizen of Massachusetts.  Defendants admit that Plaintiff had no knowledge of participating in a lie detector interview through HireVue, because he in fact did not participate in a lie detector through HireVue. Defendants object to the fifth sentence of Paragraph 11 as vague, ambiguous, and unintelligible, because Plaintiff was not subjected to a lie detector test and could not have been "made aware" of a nonexistent lie detector test, and thus denies the fifth sentence for that reason. Further, Defendants are without sufficient knowledge or information to form a belief about where Plaintiff would have performed a job that, had he been hired, CVS Pharmacy did not require be performed in Massachusetts.

Defendants deny the remaining allegations of Paragraph 11 in all remaining respects.

**COMPLAINT ¶12:**

Defendant CVS Health Corporation is a Delaware Corporation with its principal place of business at One CVS Drive, Woonsocket, Rhode Island.

**ANSWER:**

Defendants admit the allegations in Paragraph 12.

**COMPLAINT ¶13:**

Defendant CVS Pharmacy, Inc. is a Rhode Island Corporation with its principal place of business at One CVS Drive, Woonsocket, Rhode Island. Defendant CVS Pharmacy, Inc. is a subsidiary of Defendant CVS Health Corporation.

**ANSWER:**

Defendants admit the allegations in Paragraph 13.

**COMPLAINT ¶14:**

Each of the Defendants acted jointly to perpetrate the acts described herein. At all times relevant to the allegations in this matter, each of these Defendants acted in concert with, with the knowledge and approval of, and/or as the agent of the other Defendant within the course and scope of the agency, regarding the acts and omissions alleged.

**ANSWER:**

Defendants deny the allegations in Paragraph 14.

## JURISDICTION AND VENUE

**COMPLAINT ¶15:**

Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the class is a citizen of a state different from any Defendant, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed class contains more than 100 members.

**ANSWER:**

Paragraph 15 consists of a legal conclusion to which no response is required.

**COMPLAINT ¶16:**

This court has personal jurisdiction over Defendants because a substantial portion of the events giving rise to this cause of action occurred here. Plaintiff is domiciled and suffered his primary injury in this district.

**ANSWER:**

Paragraph 16 consists of a legal conclusion to which no response is required.

**COMPLAINT ¶17:**

Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

**ANSWER:**

Paragraph 17 consists of a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶18:**

Defendants contract with another company, HireVue, Inc., to use HireVue, Inc.'s AI job candidate screening tool, the HireVue Interview. HireVue Interviews are used by much of the Fortune 500 in pre-recorded (one-way) video and/or live video interview sessions. Defendants use HireVue Interviews to screen CVS job candidates (including Plaintiff and class members).

**ANSWER:**

Defendants deny the allegations in Paragraph 18.

**COMPLAINT ¶19:**

HireVue Interviews fall under the Massachusetts definition of "lie detector tests." M.G.L.A. 149 § 19B(1).

**ANSWER:**

Defendants deny the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Each time that Defendants, during their interview/hiring process, administered HireVue Interviews to job applicants (like Plaintiff and class members), Defendants subjected said persons to a lie detector test, in violation of M.G.L.A. 149, § 19B(2).

**ANSWER:**

Defendants deny the allegations in Paragraph 20.

**COMPLAINT ¶21:**

HireVue, itself, confirms that video interviewing holds the potential to "provide the ability to scale your lie detection, screen out embellishers, and hone in on those who are actually a fit for the role."[1]

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief about the representations that HireVue makes about what certain of their video interviewing capabilities could do, but expressly deny that they used such capabilities. Defendants deny any remaining allegations in Paragraph 21.

**COMPLAINT ¶22:**

HireVue works by having job candidates, including Plaintiff and class members, answer a set of interview questions online while being video recorded. Some of the questions that candidates can be asked include:

-What does integrity mean to you?

-You discovered that your coworker has been falsifying information in their reports to make them look more productive. Would you report this, even though it could hurt your relationship with them? What factors would you consider? How do ethics and integrity impact what you would report?

-Tell me about a time that you acted with integrity.

-What does integrity mean to you?

-How would other people describe your work ethic?

-What would you do if you saw someone cheating on a test?

-A student group president posts exam answers for all students in the group. How would you respond?

-Have You Ever Acted with Integrity?

---

[1] https://www.hirevue.com/blog/hiring/feedback-the-building-block-of-a-great-candidate-experience.

**ANSWER:**

Defendants admit that Plaintiff answered a set of interview questions online while being

video recorded, through the HireVue platform. Defendants deny that Plaintiff was asked the

questions identified in Paragraph 22, and deny all remaining allegations in Paragraph 22.

**COMPLAINT ¶23:**

HireVue then uploads candidates' respective interview videos to the application
programming interface ("API") of Affectiva, an artificial intelligence company that works to
understand human emotions, cognitive states, and activities by analyzing facial and vocal
expressions.

**ANSWER:**

Defendants deny the allegations in Paragraph 23.

**COMPLAINT ¶24:**

Affectiva "use[s] something called the Facial Action Coding System (FACS), developed
by Paul Ekman, to label facial expressions. There are 24 core facial actions that occur
independently on a human face[]"[2] which FACS may track. FACS and/or similar systems have
been utilized, both in academic studies and in practice, for the purpose of facilitating deception
detection.[34]

**ANSWER:**

Defendants lack personal knowledge sufficient to admit or deny the allegations as to

Affectiva's capabilities generally, but expressly deny that Defendants utilized Affectiva, and deny

the remaining allegations in Paragraph 24.

---

[2] https://blog.affectiva.com/the-emotion-behind-facial-expressions.
[3] https://arxiv.org/ftp/arxiv/papers/2105/2105.13659.pdf.
[4] https://legaltechnology.com/2017/04/06/jury-lab-partners-with-affectiva-emotion-ai/ ("Susan Constantine, MPsy, author and founder of Silent Messages LLC, is announcing the launch of her new business, Jury Lab, LLC. The new company has partnered with Wild Blue Technology and Affectiva Emotion AI, a company that brings artificial intelligence to life with emotion recognition technology. Jury Lab is a patent-pending emotion response software service that provides the legal community break-through technology to enhance the proven sciences of emotion recognition, body language reading, and deception detection.").

**COMPLAINT ¶25:**

HireVue, specifically, utilizes Affectiva technology[5] to track qualities and/or expressions[6] such as anger, fear, sadness, attention, joy, valence ("a measure of the positive or negative nature of the recorded person's experience"[7]), smiles, surprise, contempt, disgust, and smirks.

**ANSWER:**

Defendants lack personal knowledge sufficient to admit or deny the allegations as to HireVue's use of Affectiva technology with respect to other matters, but expressly deny that any use of HireVue by Defendants involved the utilization of Affectiva. Defendants deny the remaining allegations in Paragraph 25.

**COMPLAINT ¶26:**

With these and/or other inputs (i.e., "candidate[s'] voice intonation, speech inflection, eye contact, perceived 'enthusiasm' for the role, and up until recently, facial expressions[]"[8]) HireVue builds "a database of deep, rich psychographic information on millions of people,"[9] purportedly evaluates hundreds of a job applicant's personality traits, and ultimately draws conclusions regarding a job applicant's degree of cultural fit with companies. HireVue conveys these findings to employers by "assign[ing] each applicant a numerical 'employability' score[]" [10] or "competency-level scoring report[.]"[11]

**ANSWER:**

Defendants lack personal knowledge sufficient to admit or deny the allegations as to HireVue with respect to other matters, but expressly deny that any use of HireVue by Defendants involved the matters discussed in Paragraph 26. Defendants deny the remaining allegations in Paragraph 26.

**COMPLAINT ¶27:**

Such scores can be tailored to meet employers' highly individualized needs; HireVue employability scores' "precise criteria are often developed in consultation with the employer to

---

[5] https://www.slideshare.net/ignaciophoenix/tim-peacock-emotion-ai-developer-day-2016, Slides 18-19.
[6] https://www.fastcompany.com/3064863/watch-this-ai-platform-assess-trumps-and-clintons-emotional-intelligence.
[7] https://www.degruyter.com/document/doi/10.1515/pjbr-2020-0030/html?lang=en.
[8] https://www.law.georgetown.edu/georgetown-law-journal/wp-content/uploads/sites/26/2021/06/Hinkle-The_Modern_Law_Detector.pdf.
[9] Id.
[10] Id.
[11] https://www.hirevue.com/blog/hiring/hirevue-hiring-intelligence.

establish 'future top performer' qualities and behaviors. But in determining a candidate's employability score, the algorithm will typically evaluate cognitive ability, emotional intelligence, and personality traits, including core competencies such as 'willingness to learn,' 'conscientiousness & responsibility,' and 'personal stability.'"[12]

**ANSWER:**

Defendants lack personal knowledge sufficient to admit or deny the allegations as to

HireVue with respect to other matters, but expressly deny that any use of HireVue by Defendants

involved the matters discussed in Paragraph 27. Defendants deny the allegations in Paragraph 27.

**COMPLAINT ¶28:**

HireVue, on its website, states, of an employee demonstrating "Conscientiousness & Responsibility: Is responsible, reliable, and committed to achieving and maintaining high work standards. Has an innate sense of integrity and honor. Can self-monitor and manage their own follow-up."[13] (emphasis added).

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief about the statements

HireVue makes on its website.

**COMPLAINT ¶29:**

A HireVue patent, No. 10528916, titled "Competency-based question selection for digital evaluation platforms," sheds further light upon the company's competency-level scoring. Specifically, the patent describes "methods and systems for interview competency and question validation and analysis" utilizing a "digital evaluation platform" that can be "used by a candidate (or interviewee) during a digital interview."[14] Per the patent, "[t]he digital evaluation platform can organize the digital interview using competency data corresponding to the interview as well as questions data" and "some of the potential competencies may include drive, dedication, creativity, motivation, communication skills, teamwork, energy, enthusiasm, determination, reliability, honesty, integrity, intelligence, pride, dedication, analytical skills, listening skills, achievement profile, efficiency, economy, procedural awareness, opinion, emotional intelligence, etc."[15] (emphasis added).

---

[12] https://www.law.georgetown.edu/georgetown-law-journal/wp-content/uploads/sites/26/2021/06/Hinkle-The_Modern_Law_Detector.pdf.

[13] https://www.hirevue.com/blog/hiring/6-ways-to-use-the-hiring-process-to-overcome-contact-center-attrition.

[14] https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10528916.

[15] Id.

**ANSWER:**

Defendants lack personal knowledge sufficient to admit or deny the allegations as to HireVue patents, but expressly deny that any use of HireVue by Defendants involved the matters discussed in Paragraph 29. Defendants deny any remaining allegations in Paragraph 29.

**COMPLAINT ¶30:**

Given the foregoing, HireVue Interviews are lie detector tests; they are a "test utilizing . . . any other device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of or purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual." See M.G.L.A. 149 § 19B(1).

**ANSWER:**

Defendants deny the allegations in Paragraph 30.

**COMPLAINT ¶31:**

Each time that Defendants, during their interview/hiring process, administered HireVue Interviews to job applicants (like Plaintiff and class members), Defendants subjected said persons to a lie detector test, in violation of M.G.L.A. 149, § 19B(2). Defendants do not provide candidates, including Plaintiff and class members, an opportunity to opt out of the video screens or to meaningfully challenge the assessments.

**ANSWER:**

Defendants deny the allegations in Paragraph 31.

**COMPLAINT ¶32:**

Defendants also present Massachusetts job applicants with online job applications that do not contain the required written lie detector test notice under M.G.L.A. 149 § 19B(2)(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 32.

## CLASS REPRESENTATION ALLEGATIONS

**COMPLAINT ¶33:**

Plaintiff seeks to represent a class defined as:

All persons who applied for a Massachusetts CVS position (The "Class").

**ANSWER:**

Defendants admit that Plaintiff seeks to represent a class defined as, "[a]ll persons who applied for a Massachusetts CVS position," but deny that the effort has any merit. Defendants deny any remaining allegations in Paragraph 33.

**COMPLAINT ¶34:**

Plaintiff seeks to represent a sub-class defined as:

All persons who applied for a Massachusetts CVS position and participated in a CVS HireVue Interview (The "Sub-Class"; collectively, with the Class, the "Classes").

**ANSWER:**

Defendants admit that Plaintiff seeks to represent a sub-class defined as, "[a]ll persons who applied for a Massachusetts CVS position and participated in a CVS HireVue Interview," But deny that the effort has any merit. Defendants deny any remaining allegations in Paragraph 34.

**COMPLAINT ¶35:**

Members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Classes number in the thousands. The precise number of the Classes' members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

**ANSWER:**

Defendants deny the allegations of Paragraph 35.

**COMPLAINT ¶36:**

Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants' conduct as alleged herein violates Massachusetts law, including the provisions of c. 149 § 19B(2) and c. 149 § 19B(2)(b); whether Plaintiff and Class members are entitled to damages and if so, in what amount; and whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

**ANSWER:**

Defendants deny the allegations of Paragraph 36.

**COMPLAINT ¶37:**

The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' unlawful hiring practices and suffered a loss as a result. Plaintiff, like all members of the class, suffer a continuing risk of injury as well.

**ANSWER:**

Defendants deny the allegations of Paragraph 37.

**COMPLAINT ¶38:**

Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, has retained competent counsel experienced in prosecuting class actions, and intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

**ANSWER:**

Defendants deny the allegations of Paragraph 38.

**COMPLAINT ¶39:**

The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**ANSWER:**

Defendants deny the allegations of Paragraph 39.

### COUNT I
### Declaratory and Injunctive Relief

**COMPLAINT ¶40:**

Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

**ANSWER:**

Defendants incorporate their responses to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

**COMPLAINT ¶41:**

Absent injunctive relief, Defendants may continue to violate the law and violate the rights of Massachusetts job applicants.

**ANSWER:**

Defendants deny the allegations in Paragraph 41.

**COMPLAINT ¶42:**

Plaintiff asks this court to declare Defendants' conduct unlawful and enjoin Defendants from using and disseminating application materials in violation of Massachusetts law.

**ANSWER:**

Defendants deny the allegations in Paragraph 42.

### COUNT II
### Violation of M.G.L.A. 149, § 19B(2)

**COMPLAINT ¶43:**

Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

**ANSWER:**

Defendants incorporate their responses to the preceding paragraphs of the Second Amended Complaint as if fully set forth herein.

14

**COMPLAINT ¶44:**

M.G.L.A. 149 § 19B(1) defines a lie detector test as:

[A]ny test utilizing a polygraph or any other device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual.

**ANSWER:**

Paragraph 44 consists of a legal conclusion to which no response is required.

**COMPLAINT ¶45:**

M.G.L.A. 149 § 19B(2) states:

It shall be unlawful for any employer or his agent, with respect to any of his employees, or any person applying to him for employment, including any person applying for employment as a police officer, to subject such person to, or request such person to take a lie detector test within or without the commonwealth, or to discharge, not hire, demote or otherwise discriminate against such person for the assertion of rights arising hereunder. This section shall not apply to lie detector tests administered by law enforcement agencies as may be otherwise permitted in criminal investigations.

**ANSWER:**

Paragraph 45 consists of a legal conclusion to which no response is required.

**COMPLAINT ¶46:**

However, Defendants (an employer) subjected Plaintiff and class members (persons applying to Defendants for employment) to a lie detector test – an interview conducted and analyzed with HireVue (a "HireVue Interview") – during their interview/hiring process.

**ANSWER:**

Defendants deny the allegations in Paragraph 46.

**COMPLAINT ¶47:**

A HireVue Interview constitutes a lie detector test, under the Statute, because it is a test utilizing a device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual. M.G.L.A. 149 § 19B(1).

**ANSWER:**

Defendants deny the allegations in Paragraph 47.

**COMPLAINT ¶48:**

Plaintiff and Class members seek damages as a result of Defendants' violations of M.G.L.A. 149 § 19B(2), including statutory damages of not less than five hundred dollars per violation, and attorney's fees, and costs pursuant to 149, § 19B(4).

**ANSWER:**

Defendants admit that Plaintiff and the Class (the existence of which Defendants expressly

deny) purport to seek damages, but Defendants deny their entitlement to any damages whatsoever.

To the extent not admitted, Defendants deny any remaining allegations in Paragraph 48.

**COUNT II [sic]**
**Violation of M.G.L.A. 149, § 19B(2)(b)**

**COMPLAINT ¶49:**

Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

**ANSWER:**

Defendants incorporate their responses to the preceding paragraphs of the Second

Amended Complaint as if fully set forth herein.

**COMPLAINT ¶50:**

Massachusetts law explicitly requires every company soliciting applications for employment to include the following language on each and every application: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability." M.G.L.A. 149 § 19B(2)(b).

**ANSWER:**

Paragraph 50 consists of a legal conclusion to which no response is required. To the extent

an response is required, Defendants deny the allegations in Paragraph 50.

**COMPLAINT ¶51:**

Defendants did not include this statutorily required language on their job applications, including the job applications filled out by Plaintiff and class members.

**ANSWER:**

Defendants deny the allegations in Paragraph 51.

**COMPLAINT ¶52:**

Making matters worse, Defendants' interview process involves video interviews with HireVue, which, inter alia, "purport[s] to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual." See M.G.L.A. 149 § 19B(1).

**ANSWER:**

Defendants deny the allegations in Paragraph 52.

**COMPLAINT ¶53:**

Plaintiff and Class members seek damages as a result of Defendants' violations of M.G.L.A. 149 § 19B(2)(b), including statutory damages of not less than five hundred dollars per violation, and attorney's fees, and costs pursuant to 149, § 19B(4).

**ANSWER:**

Defendants admit that Plaintiff and the Class (the existence of which Defendants expressly

deny) purport to seek damages, but Defendants deny their entitlement to any damages whatsoever.

To the extent not admitted, Defendants deny any remaining allegations in Paragraph 53.

**RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.      For an order certifying the Classes and naming Plaintiff as representatives of the Class and Plaintiff's attorneys as Class Counsel to represent the Classes;

b.      For an order declaring that Defendants' conduct violates the statutes referenced herein;

c.      For an order finding in favor of Plaintiff and the Classes, on all counts asserted herein;

d.      For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.      For prejudgment interest on all amounts awarded;

f.      For an order of restitution and all other forms of equitable monetary relief;

g.      For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

h.      For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

**ANSWER:**

Plaintiff's Prayer for Relief consists of a summary of the relief he seeks in this action, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff or any member of the putative classes is entitled to any relief whatsoever, and further prays that Plaintiff takes nothing by way of his Second Amended Complaint.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims so triable.

**ANSWER:**

Defendants admit that Plaintiff seeks a jury trial, but deny that any claim is entitled to proceed to a jury.

## DEFENSES

The following statement of defenses is not intended to characterize any particular defense as "affirmative," nor to state which party bears the burden of proof or persuasion on any particular defense. Defendants reserve the right to add additional defenses as appropriate.

### First Defense

The claims of Plaintiff and the putative class members should be dismissed, in whole or in part, to the extent this Court lacks personal jurisdiction over one or both Defendants.

18

### Second Defense

The claims of Plaintiff and the putative class members should be dismissed, in whole or in part, to the extent the applicable statute(s) of limitations bars them.

### Third Defense

The claims of Plaintiff and the putative class members against Defendants should be dismissed, in whole or in part, because at all times, Defendants conducted themselves with a good faith belief, including without limitation reliance on Massachusetts case law and interpretive guidance from the Attorney General, that its actions did not violate any statute, rule or regulation.

### Fourth Defense

The claims of the putative class members against Defendants should be dismissed to the extent they have been released by a prior settlement, severance, or other release agreement.

### Fifth Defense

The imposition of statutory minimum damages in this matter would violate Defendants' Eighth Amendment rights against excessive fines in violation of the United States Constitution.

### Sixth Defense

The damages sought by Plaintiff on behalf of the alleged classes are too speculative to be permitted and cannot be recovered without specific proof of injury and damage by each putative class member.

### Seventh Defense

The claims of Plaintiff and the putative members of the classes against Defendants are barred by the doctrines of laches, waiver, and estoppel.

### Eighth Defense

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to trial by jury and to substantive and

procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

## Ninth Defense

This suit cannot properly be maintained as a class action to the extent: (a) Plaintiff cannot establish the necessary procedural elements for class action treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint and is not superior to other available methods; (c) there is no commonality between Plaintiff and the putative members of the classes he seeks to represent; (d) common issues of fact or law do not predominate, and, to the contrary, individual issues predominate; (e) Plaintiff's claims are not representative or typical of those of the putative classes; (f) Plaintiff and/or alleged putative class counsel are not adequate or proper class representatives; (g) the putative classes Plaintiff seeks to represent are not so numerous as to render joinder of all members impracticable; (h) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; and (i) the alleged putative classes are not ascertainable and the members are not identifiable.

## Tenth Defense

The claims of putative class members are barred to the extent any such member entered into binding arbitration agreements and/or class action waivers precluding their participation in this case.

## Eleventh Defense

Plaintiff and putative class members lack Article III standing to pursue their claims due to the fact they were not subjected to any "lie detectors."

DATED: March 1, 2024

Respectfully submitted,

*/s/ James J. Swartz, Jr.*

Anthony S. Califano (BBO 661136)
acalifano@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA  02210-2028
Telephone:    (617) 946-4800
Facsimile:    (617) 946-4801

James J. Swartz, Jr. (Pro Hac Vice)
jswartz@seyfarth.com
Andrew M. McKinley (Pro Hac Vice)
amckinley@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E. Suite 2500
Atlanta, GA 30309
Telephone:    404-888-1500
Facsimile:    404-724-1575

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on today's date, the foregoing document was electronically filed with the Clerk of Court through the CM/ECF system and will be sent electronically to registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.


/s/ James J. Swartz
James J. Swartz, Jr.